HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN WEEKS, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C18-5618RBL

CASE NO. CR14-5341RBL

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

THIS MATTER is before the Court on Petitioner Kevin Weeks' Motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Dkt. #1. Weeks led an illegal hash oil manufacturing and marijuana edibles enterprise in Pierce and Thurston Counties. In 2014, butane fumes from his manufacturing operation exploded, causing extensive damage to an occupied home in Puyallup. Weeks pled guilty to three offenses including Endangering Human Life While Manufacturing a Controlled Substance, in violation of 21 U.S.C. § 858. *See United States v. Weeks*, Cause No CR14-5341 RBL, at Dkt. #20; 64; 65.

In his plea agreement, Weeks waived both his right to appeal and his right to collaterally attack his conviction and sentence, "except as it may relate to the effectiveness of legal

representation." *See* Dkt. #65, at 14 in the criminal case. The Court accepted Weeks' plea and sentenced him to 72 months in prison and four years of supervised release. *See* Dkt. #94 in the criminal case. Weeks did not seek direct appellate review of his conviction and sentence. On July 23, 2018, he filed this motion challenging his conviction and sentence under 28 U.S.C. § 2255. *See* Dkt. #1.

Weeks claims that one of the statutes he pled guilty under, 21 U.S.C. § 858, is unconstitutionally vague. He seeks a ruling striking that conviction, so that he can obtain early release under the Bureau of Prisons' Residential Drug Abuse Program, or be eligible for assignment to a Bureau of Prisons camp. Weeks asserts that his 2015 conviction is invalid based on the subsequent Supreme Court decision in *Sessions v. Dimaya*, 138 S. Ct 1204 (2018). He asserts that *Dimaya* invalidates 21 U.S.C. § 858 under the void-for-vagueness doctrine.

The Government argues that Weeks' Section 2255 is untimely; it was filed well outside Section 2255's one-year limitations. It similarly argues that Weeks' Motion is procedurally defaulted because he failed to raise the claim in the Motion on direct review. The Government also argues that Weeks' claim is barred by a valid waiver of his rights to collaterally attack his conviction and sentence, as set on in his plea agreement. Lastly, the Government argues that Weeks' claim fails on its merits because *Dimaya* does not hold 21 U.S.C. § 858 unconstitutional, or even suggests that it might be.

## I. EVIDENTIARY HEARING

Weeks has not requested an evidentiary hearing or discovery, and there is no need for a hearing. In this case, "the files and records of the case conclusively show that the prisoner is entitled to no relief" and his Motion should be dismissed. *See* 28 U.S.C. § 2255(b).

## II. DISCUSSION

**A. Standard of Review**

A person seeking relief under 28 U.S.C. § 2255 must prove, by preponderance of the evidence, the existing of an error rendering his conviction or sentence unlawful. *See Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997). The movant bears the burden of establishing any factual predicates necessary to establish his claims. *See Grady v. United States*, 929 F.2d 468, F.2d 468, 471 (9th Cir. 1991). "Although section 2255 imposes a fairly lenient burden on the petitioner, the petitioner is nonetheless 'required to allege specific facts which, if true, would entitle him to relief.'" *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citation omitted).

**B. Weeks' Motion is Untimely**

The Government claims that Weeks' Motion is untimely because it was filed outside the one-year limitations period that applies to all § 2255 motions. A petition for review under 28 U.S.C. § 2255 must be filed within one year of the latest of any of the following events:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Weeks' conviction was entered on October 30, 2015, and became final on November 14, 2015. *See* Fed. R. App. P. 4(b)(1)(A) (requiring defendant's notice of appeal to be filed within 14 days from the entry of judgment); *Clay v. United States*, 537 U.S. 522, 527-28 (2003) (a conviction is final when the opportunity for review is exhausted). He filed his Motion on July 23, 2018—more than two and a half years later—making it untimely. 28 U.S.C. § 2255(f)(1).

Weeks does not allege that he was prevented from seeking collateral review by any "governmental action." 28 U.S.C. § 2255(f)(2). Even though *Sessions v. Dimyaya* was decided in April 2018, that case does not concern any statute or rule involved in Weeks' case, nor does it create a new right that saves his Motion. 28 U.S.C. § 2255(f)(3). Finally, Weeks' Motion presents a purely legal challenge, and does not allege any newly discovered fact that entitles him to review. 28 U.S.C. § 2255(f)(4). Weeks' Motion to correct judgment is untimely and is therefore **DENIED**.

**C. Weeks' Claim is Procedurally Defaulted**

The Government claims that Weeks' failure to earlier argue that his sentence was unconstitutional in the underlying criminal case or on direct appeal constitutes a procedural default under § 2255 that precludes him from raising it now.

The validity of "a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Otherwise, a claim will be deemed procedurally defaulted, and may be raised in a habeas proceeding only if the claimant demonstrates either: (1) "cause" and "actual prejudice"; or (2) that he is "actually innocent." *See Id*. at 622. To demonstrate "cause" for a procedural default, the claimant must show "some objective factor external to the defense" prevented him from complying with a procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Weeks has no justification for his procedural default because he does not assert any cause for his failure to raise this issue on direct review, or claim that he is actually innocent. Thus, Weeks' Motion to correct judgment is procedurally defaulted and is therefore **DENIED**.

**D. Weeks Waived His Right to Seek Collateral Review on Grounds Other than Ineffective Assistance of Counsel**

The Government asserts that Weeks waived both his right to appeal and his right to collaterally attack his conviction and sentence "except as it may relate to the effectiveness of legal representation," if the Court imposed a sentence at or below the final Guidelines range (which it did). *See* Dkt. #65 at 14 in the criminal case.

A plea agreement's waiver of the right to seek habeas review (except on grounds such as ineffective assistance of counsel or the involuntariness of the waiver itself) is valid and enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir. 1993). Weeks does not assert that his defense counsel was ineffective, or that his guilty plea was unknowing or involuntary. Thus, the waiver in Weeks' plea agreement bars the consideration of his Motion to correct judgment and the Motion is **DENIED**.

**E. Petitioner's Vagueness Claim Fails on the Merits**

Weeks asserts that he has been prejudiced because the residual clause in 21 U.S.C. § 858 has been held unconstitutionally vague in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The Government asserts that Weeks' claim has no merit and that *Dimaya* does not invalidate the residual clause in 21 U.S.C. § 858. It also asserts that Weeks cannot establish a vagueness claim for any other reason.

"[T]he vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Lanier*, 520 U.S. 259, 266 (1997)

(quotations omitted); *see also United States v. Mincoff*, 574 F.3d 1186, 1201 (9th Cir. 2009) ("A law is unconstitutionally vague if it fails to provide a reasonable opportunity to know what conduct is prohibited, or is so indefinite as to allow arbitrary and discriminatory enforcement.").

*Dimaya* concerned 18 U.S.C. § 16(b), which provides one of two definitions of a "crime of violence" for certain purposes in Title 18. The Supreme Court held in *Dimaya* that Section 16(b)'s definition of a "crime of violence" was unconstitutionally vague on two grounds. *Dimaya*, 138 S. Ct. at 1215-16. First, because the statute is designed to assess whether a particular offense is a "crime of violence," courts do not actually examine the facts underlying the crime, but must instead "identify a crime's 'ordinary case' in order to measure the crime's risk. *Id*. at 1215. Second, the Supreme Court held that the term "substantial risk" gave Section 16(b) the added level of "certainty about the level of risk that makes a crime 'violent.'" *Id*.

The Supreme Court held that these two features of Section 16(b) taken together generate "more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id*. at 1216. It opined that the problem is not with the inclusion of a phrase like "substantial risk" in a criminal statute, but rather with layering the application of a qualitative standard such as 'substantial risk' to real-world conduct on top of the requisite 'ordinary case' inquiry." *Dimaya*, 138 S. Ct. at 1214.

The "ordinary case" inquiry is absent from 21 U.S.C. § 858. There is no need for a court or jury applying this statute to determine the "ordinary case" of such an offense. The relevant question is whether the defendant's "real-world conduct" meets an element of the offense by creating a "substantial risk of harm to human life." *Johnson v. U.S.*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 at 1215-16.

Operating an unlawful marijuana hash oil business using a highly explosive gas in an occupied house obviously creates a risk of serious physical harm to other people—as demonstrated by the explosion that occurred in this case. Weeks could not have reasonably understood that manufacturing an illegal substance in an explosive atmosphere was condoned by federal law. The "mere fact that close cases can be envisioned as arising under this statute does not render is vague." *See United States v. Williams*, 553 U.S. 285, 305 (2008). Weeks has failed to establish that 21 U.S.C. § 858 is unconstitutionally vague.

### III. CONCLUSION

There is no reason to believe that *Dimaya* (or preceding cases such as *Johnson*) casts doubt on the constitutionality of 21 U.S.C. § 858 and Weeks' Motion to vacate that part of the judgment against him is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of April, 2019.

Ronald B. Leighton
United States District Judge